**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Raul Zavala*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAVALA,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 2:25-cv-06316-MCS-AGR<br><br>*Hon. Mark C. Scarsi*<br>*Hon. Mag. Judge Alicia G. Rosenberg*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:   December 1, 2025<br>Time:   10:00 a.m.<br>Crtrm:  7C<br><br>**Complaint (with Demand for Jury Trial) Filed**: July 10, 2025<br>**Responsive Pleading Filed**: September 24, 2025<br>**Trial (Proposed)**: May 18, 2027 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's September 24, 2025 Order setting the Scheduling Conference (Dkt. 13), the early meeting of counsel has been conducted between counsel for Plaintiff and counsel for Defendant County of Los Angeles. The early meeting of counsel took place via telephone on November 7, 2025, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiff, and Paul Beach of Lawrence Beach Allen & Choi, PC, counsel for Defendant.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(a)** <u>**Statement of the Case**</u>

<u>Plaintiff's Summary</u>: Plaintiff alleges that, in June of 2024, Plaintiff was booked into Men's Central Jail, a facility operated by Defendant County of Los Angeles, as a pretrial detainee. Plaintiff had formerly been a member of and subsequently dropped out from a gang, which put Plaintiff at a significantly heightened risk of assault while at the jail from current members of the gang. At the time, known current members of that gang were housed at the jail in the County's custody. All of the foregoing facts were known by Defendants at the time of Plaintiff's booking into the jail.

When Plaintiff was booked into the jail, he was assigned to protective custody housing for the purpose of protecting him from assault from members of the gang. Nevertheless, on July 4, 2024,[1] without consulting Plaintiff and without any change in circumstances bearing on his need for protective custody housing, Defendants

---

[1] In two places, Plaintiff's complaint incorrectly lists the incident year as 2025, rather than 2024. [Dkt. 1 at ¶¶ 18, 20.] Plaintiff will correct this detail when filing his anticipated First Amended Complaint. *See infra* Section (g).

transferred Plaintiff out of protective custody and into the general population, which also was known to house members of the gang from which Plaintiff had dropped out. Plaintiff protested this change and alerted Defendants to the reason for his need for protective custody housing, but these protests were ignored or disregarded. Predictably, on July 4, 2024, following this transfer and while he was among the general population at the jail, Plaintiff was severely beaten by multiple members of the gang from which he had dropped out. As a result, Plaintiff sustained significant injuries and experienced substantial physical pain and suffering and emotional distress.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. § 1983 against the individual Defendants, whose names are currently unknown to Plaintiff and who are identified in Plaintiff's Complaint as Does, for failure to protect and denial of medical care under the Fourteenth Amendment. Plaintiff also brings *Monell* claims against Defendant County of Los Angeles for unconstitutional custom, practice, or policy and failure to train. Plaintiff also brings causes of action under state law against all Defendants for negligence, failure to summon medical care, and violation of the Bane Act, Cal. Civ. Code § 52.1.

The named Defendant County of Los Angeles has been served and has answered the operative complaint.

Defendant's Summary:

This case involves claims by a former inmate of the Los Angeles County jails. Specifically, Plaintiff Raul Zavala (24 year old male Hispanic, Booking Number 6831966) entered the custody of the Los Angeles County Sheriff's Department (LASD) on June 20, 2024. After undergoing the inmate intake process, he was moved from the Inmate Reception Center and assigned to housing in protective custody at Men's Central Jail. Contrary to Plaintiff's allegations, before the incident that forms the basis for his pleading, he was never moved from protective custody to the general inmate population.

On July 4, 2024, after returning from recreational roof time, Plaintiff was involved in a physical altercation with another inmate or inmates who were also in protective custody, which rendered him unconscious and resulted in a visible cut to his eyebrow. Jail custody and medical personnel promptly responded and provided Plaintiff with emergency medical services. Thereafter, Plaintiff was transported to Los Angeles General Medical Center via ambulance. Plaintiff was released from LASD custody on August 17, 2024 due to the expiration of his criminal sentence. Defendant investigated the incident but none of the inmate witnesses cooperated and Plaintiff did not provide a statement. Defendant is waiting for Plaintiff to disclose the identity of the inmate(s) who assaulted him and how they were affiliated with each other in the gang context.

**(b)  Subject Matter Jurisdiction**

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

**(c)  Legal Issues**

1. Whether the individual defendants were deliberately indifferent to a known risk of harm to Plaintiff;
2. Whether the individual defendants were deliberately indifferent to Plaintiff's serious medical needs;
3. Whether the Defendant County failed to adequately train its deputies and/or jail officials;
4. Whether the Defendant County maintained an unlawful custom, policy, or practice;
5. Whether the individual defendants were negligent toward Plaintiff;

      6. Whether the individual defendants unreasonably failed to timely summon medical care for Plaintiff;

      7. The nature and scope of Plaintiff's damages; and

      8. Whether Plaintiff is entitled to punitive damages.

Defendant has asserted various affirmative defenses, as reflected in its Answer to the Complaint.

**(d)** **Parties, Evidence, etc.**

*Parties*: The parties are Plaintiff Raul Zavala, and Defendant County of Los Angeles and Does 1-10.

*Witnesses*: The percipient witnesses include Plaintiff Raul Zavala, County of Los Angeles Sheriff's Department officials, including jail staff and personnel at Men's Central Jail, and other detainees and inmates who were present at Men's Central Jail on the date of the incident. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*: The key documents will include County of Los Angeles Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendant May Use*: Defendant expects relevant evidence to include various LASD policies, Plaintiff's custody and medical records, the incident report and supplemental reports concerning the subject incident, and materials related to Plaintiff's relationship with the inmate(s) involved in the altercation. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

**(e)** **Damages**

Plaintiff claims general and special compensatory damages, according to proof

at trial under federal and state law for his individual damages, including for his injuries, physical and mental pain and suffering, loss of enjoyment of life, emotional distress, and lost earning capacity. Plaintiff also seeks punitive and exemplary damages against the individual defendants only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

**(f)　Insurance**

Defendant is a self-insured public entity. Plaintiff has not disclosed any insurance information.

**(g)　Motions**

There are no pending motions. Plaintiff anticipates filing either a stipulation to name the currently unidentified individual deputies who are alleged to have liability, currently named in the Complaint as Doe defendants, once such identities become available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiff is hopeful that such amendment may be accomplished through stipulation. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

**(h)　Dispositive Motions**

The parties have discussed potential motions and propose a deadline of February 8, 2027, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiff will adhere to the Court's requirements for motions for summary judgment.

Defendant intends on filing a motion for summary judgment or partial summary judgment as to liability and perhaps damages.

### (i) Manual for Complex Litigation

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

### (j) Status of Discovery

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties agree to exchange initial disclosures on or before November 21, 2025. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

### (k) Discovery Plan

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiff anticipates serving written discovery regarding County records regarding the incident and taking the depositions of County personnel and other witnesses who were present at Men's Central Jail at the time of the incident. Plaintiff may also depose EMTs, paramedics, and/or other medical personnel who provided medical attention to Plaintiff. Plaintiff also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff intends to retain a jail practices expert and may retain additional experts as needed, including medical experts. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

Defendant will take the deposition of Plaintiff, any witnesses Plaintiff identifies and depositions concerning Plaintiff's alleged damages. Defendant intends to retain a jail practices expert and may retain additional experts as needed, including medical experts. Defendant anticipates serving written interrogatories, requests for

admission, and requests for production of documents.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learns through discovery that there were more County of Los Angeles personnel or other witnesses who were present during relevant events and may be material witnesses than Plaintiff would otherwise be able to depose.

**(l)    Discovery Cut-off**

The parties propose a fact discovery cut-off of November 9, 2026, which is also as set forth in Exhibit A hereto.

**(m)    Expert Discovery**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on November 23, 2026; Rebuttal Expert Disclosure on December 14, 2026; and Expert Discovery Cut-off of January 4, 2027. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(n)    Settlement Conference / Alternative Dispute Resolution (ADR)**

    a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

    b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). If mediation is unsuccessful,

the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(o)** <u>**Trial**</u>

    a.    *Proposed Trial Date*

The parties propose a trial start date of May 18, 2027. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for late 2026 and early 2027.

    b.    *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

    c.    *Jury or Court Trial*

The parties request a trial by jury.

    d.    *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

**(p)** <u>**Trial Counsel**</u>

Dale K. Galipo will be lead trial counsel for Plaintiff. Paul B. Beach will be lead trial counsel for Defendant.

**(q)** <u>**Independent Expert or Master**</u>

The parties agree that this case does not require an independent expert or master.

**(r)** <u>**Schedule Worksheet**</u>

The required Schedule of Pretrial and Trial Dates Worksheet is attached hereto as Exhibit A.

**(s)** <u>**Other Issues**</u>

The parties stipulate to electronic service of discovery.

The parties may seek entry of a stipulated protective order governing use of

sensitive materials produced in discovery in this action.

Respectfully submitted,

Dated: November 17, 2025       LAW OFFICES OF DALE K. GALIPO

                                            By   */s/ Benjamin S. Levine*
                                                    DALE K. GALIPO
                                                    BENJAMIN S. LEVINE[2]
                                                    *Attorneys for Plaintiff*

Dated: November 17, 2025       LAWRENCE BEACH ALLEN & CHOI, PC

                                                   By   */s/ Paul B. Beach*
                                                   PAUL B. BEACH
                                                   *Attorney for Defendant County of Los Angeles*

---

[2] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# EXHIBIT A

# JUDGE MARK C. SCARSI
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

| Case No. 2:25-cv-06316-MCS-AGR | Case Name: Raul Zavala v. County of Los Angeles, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: ☑ Jury Trial or ☐ Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: 5-7 Days | 05/18/2027 | 05/18/2027 | ☐ Jury Trial ☐ Court Trial ____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine (*Monday* at 2:00 p.m., at least 15 days before trial) | 05/03/2027 | 05/03/2027 | |

| Event [1] *Note:* Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week. | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties [*Monday*] | | 06/29/2026 | 06/29/2026 | |
| Non-Expert Discovery Cut-Off (no later than deadline for *filing* dispositive motion) | 17 | 11/09/2026 | 11/09/2026 | |
| Expert Disclosure (Initial) | | 11/23/2026 | 11/23/2026 | |
| Expert Disclosure (Rebuttal) | | 12/14/2026 | 12/14/2026 | |
| Expert Discovery Cut-Off | 12[2] | 01/04/2027 | 01/04/2027 | |
| Last Date to *Hear* Motions [*Monday*]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 02/08/2027 | 02/08/2027 | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>*Select one:* ☐ 1. Magistrate Judge (with Court approval)<br>☑ 2. Court's Mediation Panel<br>☐ 3. Private Mediation | 10 | 02/22/2027 | 02/22/2027 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (*court trial only*)<br>• Declarations containing Direct Testimony (*court trial only*) | 3 | 04/05/2027 | 04/05/2027 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (*jury trial only*)<br>• Disputed Proposed Jury Instructions (*jury trial only*)<br>• Joint Proposed Verdict Forms (*jury trial only*)<br>• Joint Proposed Statement of the Case (*jury trial only*)<br>• Proposed Additional Voir Dire Questions, if any (*jury trial only*)<br>• Evidentiary Objections to Decls. of Direct Testimony (*court trial only*) | 2 | 04/12/2027 | 04/12/2027 | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. **Patent and ERISA cases in particular may need to vary from the above.**

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.