PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
SHAWYANE EMADI, State Bar No. 352292
semadi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendant
County of Los Angeles

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAVALA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-06316-MCS-AGR<br><br>Honorable Mark C. Scarsi<br><br>**STIPULATION TO CONTINUE DATES AND DEADLINES BY APPROXIMATELY 90 DAYS**<br><br>*[Declaration of Shawyane Emadi filed and [Proposed[ Order lodged concurrently herewith]* |

1

**STIPULATION**

WHEREAS, on July 10, 2025, Plaintiff filed his Complaint. See ECF 1. The Complaint principally alleges that individual employees of the County of Los Angeles (whose identities were unknown to Plaintiff) unlawfully failed to protect him from an assault he experienced at the hands of other inmates while he was in the County's custody.  See *id*.  Accordingly, this case involves complex liability issues under federal and state law, necessitating significant discovery prior to Plaintiff's amendment of the complaint to name individual defendants, as well as additional discovery thereafter.

WHEREAS, on December 02, 2025, the Court issued its Order re: Jury Trial setting the trial date for January 26, 2027.  ECF 18.  That Order set deadlines for discovery and other pretrial dates and deadlines, including a deadline to complete fact discovery for July 06, 2026; a deadline for initial expert disclosures for July 27, 2026; a deadline for rebuttal expert disclosures for August 17, 2026; and a deadline to complete expert discovery for September 08, 2026. See *id.*  The parties had previously requested a trial date in May of 2027, and discovery and other pretrial dates based on that requested trial date.  See ECF 14;

WHEREAS, for several months, the parties have been exchanging discovery, resolving several discovery disputes informally through good-faith cooperation between counsel, and working diligently to litigate the instant matter;

WHEREAS, on January 21, 2026, Plaintiff served Defendant County of Los Angeles ("Defendant") with his first of discovery requests (Requests for Production ("RFPs") and Interrogatories ("ROGs")).  Declaration of Shawyane Emadi ("Emadi Decl.") ¶ 2;

WHEREAS, on January 26, 2026, Defendant served Plaintiff with its first of discovery requests (RFPs, Requests for Admissions ("RFAs"), and ROGs).  *Id.* ¶ 3;

//

2

WHEREAS, on February 25, 2026, Plaintiff served his responses to Defendant's first set of discovery requests. Certain of Plaintiff's responses to Defendant's RFPs stated that certain responsive documents, including pertinent medical records relevant to Defendant's assessment of Plaintiff's injuries and necessary to inform further discovery by Defendant, would only be produced pursuant to a protective order following the Court's issuance of such order, given the privacy concerns implicated by the records. *Id.* ¶ 3;

WHEREAS, on March 4, 2026, following discussions and cooperation between the parties regarding specific language, the parties filed a stipulation for the Court's entry of a protective order governing certain documents to be produced in discovery in this action. See ECF 22;

WHEREAS, on March 13, 2026, Defendant served its responses to Plaintiff's first set of discovery requests, following a three-week extension granted by Plaintiff at Defendant's request. Because the protective order had not yet been entered, certain documents that Defendant contended were privileged or otherwise protected were withheld at this time pending the Court's entry of said protective order. *Id.* ¶ 2;

WHEREAS, on March 31, 2026, and April 6, 2026, respectively, Defendant advised Plaintiff of Defendant's intention to depose Plaintiff and to have the medical examination(s) of Plaintiff conducted pursuant to Federal Rule of Civil Procedure 35. *Id.* ¶ 7. The parties have since been working cooperatively to schedule the deposition and examination(s); the deposition has since been noticed, and the parties and have been meeting and conferring regarding the scope of and limitations on the examination(s). *Id.*;

WHEREAS, on April 6, 2026, the Court entered the parties' Stipulated Protective Order. ECF 23;

WHEREAS, on April 17, 2026, following good-faith meet and confer efforts that spanned the preceding weeks, the parties each served supplemental

3

ROG responses as well as supplemental document production, pursuant to agreements reached through their meet-and-confer efforts, including to produce the parties' previously withheld documents pursuant to the Protective Order that had since been entered by the Court.  Emadi Decl. ¶ 4;

WHEREAS, on April 23, 2026, Defendant served Plaintiff with its second set of discovery requests (RFPs and ROGs).  *Id.* ¶ 5;

WHEREAS, Plaintiff intends to amend his operative complaint to name individual defendants (seven Los Angeles County Sheriff's Department personnel) by way of a separate stipulation between the parties that is being filed concurrently herewith.  The identities of most of these individual defendants were unknown to Plaintiff prior to Defendant's initial RFP production on March 13, and the identities of others were unknown to Plaintiff prior to Defendant's supplemental RFP production on April 17. *Id.* ¶ 6;

WHEREAS, the parties have been working in good faith to schedule Plaintiff's deposition, Plaintiff's medical examination(s), resolve the few discovery disputes that remain following the parties' meet-and-confer efforts thus far, and stipulate to the filing of Plaintiff's First Amended Complaint ("FAC"). *Id.* ¶¶ 6-7;

WHEREAS, although the parties have been working diligently on all of the issues noted above and have endeavored to do so within the limits set by the current scheduling order, the parties will need additional time to complete further discovery upon filing of Plaintiff's FAC so that the newly named defendants may be served, file their responsive pleadings, and the parties may conduct necessary discovery thereafter. Such further discovery includes discovery related to the newly named defendants, including taking the depositions of those defendants and of other witnesses who were recently identified to Plaintiff for the first time through Defendant's initial and supplemental discovery responses.  *Id.* ¶ 8;

4

WHEREAS, as a result of the foregoing, through this stipulation the parties respectfully seek a continuance of the fact and expert discovery deadlines set in the Court's scheduling order by approximately 90 days each.  Because such a continuance would unavoidably affect the other pretrial deadlines and trial date, the parties likewise respectfully seek a similar continuance of all remaining dates and deadlines set in the scheduling order, with the exception of the deadline to add parties or amend pleadings;

WHEREAS, in addition to the foregoing additional discovery that is necessary for both sides' development and presentation of this case, a continuance will also allow the parties to complete necessary discovery prior to an anticipated mediation before the assigned mediator, Richard Copeland.  The parties note this anticipated mediation so the Court is aware of the parties' intent to attempt to resolve this matter well in advance of the scheduling order's November 2026 deadline to complete mediation, though the parties recognize that continuances for purposes of exploring settlement are disfavored, and clarify that the anticipated mediation is not itself a basis for the continuance requested herein. *Id.* ¶ 8;

WHEREAS, the parties will be prejudiced in the absence of a continuance of the discovery deadlines, subsequent pretrial dates and deadlines, and trial date because the parties will otherwise be unable to conduct necessary discovery concerning the newly named defendants, to file law and motion concerning said discovery (if necessary), prepare and file dispositive motion(s), nor be able to meaningfully evaluate the instant matter for purposes of mediation, notwithstanding the parties' earnest efforts thus far to comply with the current scheduling order deadlines;

//

//

//

5

WHEREAS, the parties have not previously requested any continuance or other modification of the scheduling order dates and deadlines;

ACCORDINGLY, the parties hereby stipulate and respectfully request that the dates and deadlines adopted by the Court's December 2, 2025, Order re: Jury Trial, ECF 18, be modified to extend the deadlines and dates by approximately 90 days, as follows:

| DEADLINE/EVENT | CURRENT DATE | REQUESTED DATE |
| --- | --- | --- |
| Non-Expert Discovery Cut-Off | 07/06/2026 | 10/06/2026 |
| Expert Disclosure (Initial) | 07/27/2026 | 11/06/2026 |
| Expert Disclosure (Rebuttal) | 08/17/2026 | 12/04/2026 |
| Expert Discovery Cutoff | 09/08/2026 | 12/28/2026 |
| Last Date to Hear Motions | 10/19/2026 | 02/01/2026 |
| Deadline to Complete Settlement Conference | 11/02/2026 | 02/15/2026 |
| Trial Filings (first round) | 12/21/2026 | 03/29/2026 |
| Trial Filings (second round) | 12/28/2026 | 04/05/2026 |

//
//
//
//
//
//

6

| Final Pretrial Conference, Hearing on Motions in Limine | 01/11/2027 at 2:00 p.m. | 04/19/2027 at 2:00 p.m. |
|---|---|---|
| Trial | 01/26/2027 at 8:30 a.m. | 05/18/2027 at 8:30 a.m. |

Respectfully submitted,

Dated: May 4, 2026                                LAWRENCE BEACH ALLEN & CHOI, PC

                                        By ___/s/ Shawyane Emadi_____
                                            Paul B. Beach
                                            Shawyane Emadi[1]
                                            Attorneys for Defendant
                                            County of Los Angeles

Dated: May 4, 2026                                LAW OFFICES OF DALE K. GALIPO

                                        By ___/s/ Benjamin S. Levine_____
                                            Dale K. Galipo
                                            Benjamin S. Levine
                                            Attorneys for Plaintiff
                                            Raul Zavala

---

[1] I, Shawyane Emadi, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Stipulation and have authorized its filing.