PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
SHAWYANE EMADI, State Bar No. 352292
semadi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendant
County of Los Angeles

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RAUL ZAVALA,

              Plaintiff,

      vs.

COUNTY OF LOS ANGELES; and
DOES 1 through 10, inclusive,

          Defendants.

Case No. 2:25-cv-06316-MCS-AGR

Honorable Mark C. Scarsi

**DECLARATION OF SHAWYANE EMADI IN SUPPORT OF STIPULATION TO CONTINUE DATES AND DEADLINES BY APPROXIMATELY 90 DAYS**

*[Stipulation filed and [Proposed[ Order lodged concurrently herewith]*

1

## <u>DECLARATION OF SHAWYANE EMADI</u>

I, Shawyane Emadi, declare as follows:

1.      I am an attorney at law, duly authorized to practice before this Court and I am an associate at the law firm Lawrence Beach Allen & Choi, PC, attorneys of record for Defendant County of Los Angeles ("Defendant") in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.      On January 21, 2026, Plaintiff served Defendant County of Los Angeles ("Defendant") with his first of discovery requests (Requests for Production ("RFPs") and Interrogatories ("ROGs").  Defendant served its responses to the same on March 13, 2026, following a 3-week extension of time concerning the same.  Certain of Defendant's responses referenced documents which would be produced subject to the parties Stipulated Protective Order, which had yet to be entered by the Court.

3.      On January 26, 2026, Defendant served Plaintiff with its first of discovery requests (RFPs, Requests for Admissions ("RFAs"), and ROGs).  Plaintiff served his responses to the same on February 25, 2026.  Certain of Plaintiff's responses to Defendant's RFPs stated that certain responsive documents, including pertinent medical records relevant to Defendant's assessment of Plaintiff's injuries and necessary to inform further discovery by Defendant, would only be produced subject to a protective order following entry of the same by the Court, on information and belief due to the privacy concerns implicated by the records.

4.      On April 17, 2026, following good faith meet and confer efforts over the preceding weeks, the parties served their respective supplemental ROG responses with corresponding supplemental document production.  Said

2

document production included documents/materials which were previously withheld pending entry of the Protective Order, which was entered on April 6, 2026, after filing of the same on March 4, 2026.

5. On April 23, 2026, Defendant served Plaintiff with its second set of discovery requests (RFPs and ROGs).

6. On information and belief, Plaintiff intends to amend his operative complaint. Accordingly, on information and belief, concurrently with the instant stipulation, Plaintiff intends file a stipulation concerning the filing of his First Amended Complaint ("FAC") which will name a number of individual defendants (seven Los Angeles County Sheriff's Department personnel). The parties have been working in good faith to prepare said stipulation concerning the filing of Plaintiff's FAC.

7. The parties have been further working in good faith to schedule Plaintiff's deposition, Plaintiff's medical examination(s), resolve outstanding discovery disputes, and prepare the stipulation concerning the filing of Plaintiff's FAC. Said efforts include a meet and confer telephone conference on April 27, 2026, further supplemental document production, and multiple correspondence concerning the scheduling of the aforementioned events, including a March 31, 2026, correspondence requesting Plaintiff's availability to be deposed. Plaintiff's deposition has since been noticed. The parties are also working in good faith to arrive at an agreement concerning certain conditions Plaintiff has posed concerning his medical examination(s); including, the length, the scope of questions which may be posed to Plaintiff, audio recording of the same, among other details.

8. Despite the parties diligent efforts to litigate the instant matter within the time limits set by the current scheduling order, on information and belief, following the filing of his FAC, Plaintiff will require additional time to serve the newly named defendants, for said defendants to file their responsive pleading, and

3

to conduct necessary discovery thereafter, including conducting said defendants' depositions. Additionally, the parties will require additional time to conduct expert discovery in light of said newly named defendants. Furthermore, a 90-day continuance will allow the parties to complete necessary discovery prior to mediation before Richard Copeland, which the parties intend to conduct following Plaintiff's medical examination(s).

9. For the aforementioned reasons, the parties respectfully request a 90-day continuance of dates and deadlines.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 4, 2026, at Pasadena, California

_____
Shawyane Emadi

4