UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.   **2:25-cv-06316-MCS-AGR**                              Date   May 5, 2026

Title   *Zavala v. County of Los Angeles*

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: STIPULATIONS (ECF NOS. 24–25)**

Plaintiff Raul Zavala and Defendant County of Los Angeles submitted two stipulations. First, the parties request an order authorizing Plaintiff to file a first amended complaint naming eight individuals as additional defendants. (Stip. to Allow Pl. to File FAC, ECF No. 25.) Second, the parties request an order extending the case schedule by three to four months, citing the recent identification of the prospective individual defendants and further discovery they intend to take. (Stip. to Continue, ECF No. 24.)

The stipulation for leave to amend is granted. Fed. R. Civ. P. 15(a)(2). Plaintiff shall file the proposed first amended complaint attached to the parties' stipulation forthwith.

The stipulation to continue is denied. "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). "In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified

'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

The parties clearly were not diligent in fulfilling their discovery obligations and ascertaining the identities of the prospective individual defendants early in the litigation. Discovery opened at least six months ago. (*See* Joint Rule 26(f) Report 2, ECF No. 14 (indicating the Rule 26(f) conference took place on November 7, 2025); *but see* Initial Standing Order § 8(b), ECF No. 9 ("[C]ounsel should begin to conduct discovery actively before the Scheduling Conference.").) The parties noted in their November 2025 Rule 26(f) report that Plaintiff intended to learn the identities of prospective individual defendants through initial discovery and amend the complaint to add them as parties. (Joint Rule 26(f) Report 6.) The parties' stipulation, filed May 4, 2026, demonstrates the parties' delay in accomplishing this straightforward and obvious threshold discovery issue. Defendant likely should have identified individuals who might be named as defendants in its initial disclosures in late November 2025. (*See* Joint Rule 26(f) Report 7.) The parties did not serve written discovery requests, in which Plaintiff should have sought further information to identify the individuals, until months later, in late January 2026. (*See* Emadi Decl. ¶¶ 2–3, ECF No. 24-1.) The parties facilitated further delay by acquiescing to extensions of response deadlines. (*Id.* ¶ 2.) And the parties did not seek a protective order until at least four months into the discovery period. (*Id.* ¶ 4.) The Court will not rescue the parties from the consequences of their unhurried pace in discovery.

The Court acknowledges that holding the parties to the current case schedule might pose undue prejudice to the prospective individual defendants, who are set to enter the case with only two months left in the discovery period. But those individuals have not yet appeared and have not presented their position on the schedule, which might yet be workable if the County's counsel represents them. While the Court might entertain a renewed stipulation joined by the new parties to extend the discovery period, the Court warns that the trial date of January 26, 2027, remains "firm." (Initial Standing Order § 4.)

**IT IS SO ORDERED.**