PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
SHAWYANE EMADI, State Bar No. 352292
semadi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
County of Los Angeles, Ricardo Manriquez, Kevin
Jacinto, Joey A. Pedroza IV, Xavier J. Santos

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAVALA,<br><br>             Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>             Defendants. | Case No. 2:25-cv-06316-MCS-AGR<br><br>Honorable Mark C. Scarsi<br><br>**DEFENDANTS RICARDO MANRIQUEZ, KEVIN JACINTO, JOEY A. PEDROZA IV, AND XAVIER SANTOS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>FAC filed: May 5, 2026 |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

COME NOW Defendants Ricardo Manriquez, Kevin Jacinto, Joey A. Pedroza IV, Xavier J. Santos ("Defendants"), in answer to Plaintiff's First Amended Complaint ("FAC") on file herein (ECF 27), for themselves and for no other defendant, admits, denies and alleges as follows:

1.      Answering Paragraphs 1, 26, 30-32, 34, 36-39, 45-55, 57-59, 63-74, 77-84, 87-92, 97-101, 104-108, 111-118, and the Prayer of the FAC, Defendants

1

deny generally and specifically the allegations stated therein.

2.      Answering Paragraphs 2, 44, 62, 103, and 110 of the FAC, Defendants admit that on the basis of Plaintiff's allegations, some of Plaintiff's claims arise under 42 U.S.C. § 1983, and possibly supplemental jurisdiction as to Plaintiff's state law claims, and that there are various rights under the cited legal provisions.  As to the remaining allegations of said Paragraphs, Defendants deny generally and specifically the allegations stated therein.

3.      Answering Paragraph 3 of the FAC, Defendants admit that, under the facts alleged, venue is proper with respect to events that occurred within the Central District of California.

4.      Answering Paragraphs 4, 14, 15, 16, 17, 20-21, and 40-42 of the FAC, Defendants lack sufficient information or belief to be able to respond to said allegations, and on that basis, deny them.

5.      Answering Paragraph 5 of the FAC, Defendants admit that the County of Los Angeles is a public entity organized and existing under the laws of the State of California, and that the Sheriff's Department is a department of the County.  As to the remaining allegations of said Paragraphs, Defendants lack sufficient information or belief to be able to respond to said allegations, and on that basis, deny them.

6.      Answering Paragraphs 6-12, Defendants admit that Defendants Torres, Manriquez, Santos, Pedroza, Jacinto, Zoellner, and Gonzalez were employed by the Los Angeles County Sheriff's Department at the time of the alleged incident.  As to the remaining allegations of said Paragraphs, Defendants lack sufficient information or belief to be able to respond to said allegations, and on that basis, deny them.

7.      Answering Paragraphs 13, 18, 22-25, 27-29, 33, 35, 56, 60, 75, 85, 93, and 95-96 of the FAC, Defendants lack sufficient information upon which to admit or deny them, and therefore, generally and specifically deny said

allegations on that basis, and specifically deny that Defendants violated Plaintiff's rights in any respect.

8.    Answering Paragraph 19 of the FAC, Defendants incorporate by this reference their response to paragraphs 1 through 18 as if fully stated in this response.

9.    Answering Paragraph 43 of the FAC, Defendants incorporate by this reference their responses to paragraphs 1 through 42 as if fully stated in this response.

10.    Answering Paragraph 61 of the FAC, Defendants incorporate by this reference their responses to paragraphs 1 through 60 as if fully stated in this response.

11.    Answering Paragraph 76 of the FAC, Defendants incorporate by this reference their responses to paragraphs 1 through 75 as if fully stated in this response.

12.    Answering Paragraph 86 of the FAC, Defendants incorporate by this reference their responses to paragraphs 1 through 85 as if fully stated in this response.

13.    Answering Paragraph 94 of the FAC, Defendants incorporate by this reference their responses to paragraphs 1 through 93 as if fully stated in this response.

14.    Answering Paragraph 102 of the FAC, Defendants incorporate by this reference their responses to paragraphs 1 through 101 as if fully stated in this response.

15.    Answering Paragraph 109 of the FAC, Defendants incorporate by this reference their responses to paragraphs 1 through 108 as if fully stated in this response.

//

//

3

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16.    Plaintiff's FAC fails to state a cause of action against these Defendants.

### SECOND AFFIRMATIVE DEFENSE

17.    Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

### THIRD AFFIRMATIVE DEFENSE

18.    Neither a public entity nor a public employee is liable for any injury resulting from his/her act or omission where the act or omission was the result of the exercise of the discretion vested in him/her.

### FOURTH AFFIRMATIVE DEFENSE

19.    Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury caused by a public employee's misrepresentation, whether the misrepresentation be negligent or intentional.

### FIFTH AFFIRMATIVE DEFENSE

20.    The intervening and superseding acts or omissions of persons or entities other than these Defendants, and for whose acts or omissions these Defendants are not responsible, proximately caused Plaintiff's alleged injuries and/or damages.  Defendants request that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of these Defendants, judgment against these Defendants be only in an amount which is proportionate to the extent and percentage by which these answering Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all

### SIXTH AFFIRMATIVE DEFENSE

21.    Any injury to Plaintiff was due to and caused by the negligence and omissions of Plaintiff to care for himself, which carelessness and negligence and

omissions were the proximate cause of the damage, if any, to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

22.    Plaintiff has failed to mitigate his damages, thereby limiting or excluding recovery against these Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

23.    Plaintiff's claims against these Defendants are barred by the applicable statutes of limitations including, but not limited to, the California Government Claims Act, California Code of Civil Procedure §§ 335.1, 339, 340, 340.5, and 342.

## NINTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred by the doctrine of qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims and requests for relief are barred, in whole or in part, because they lack standing.

## ELEVENTH AFFIRMATIVE DEFENSE

26.    That pursuant to California Government Code § 818 and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), a public entity is not liable for exemplary or punitive damages in any sum, or at all.

## TWELFTH AFFIRMATIVE DEFENSE

27.    The FAC and individual theories of relief set forth therein are barred by Plaintiff's failure to have complied with claim filing provisions of the California Government Claims Act and other applicable state law.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.    The FAC, the individual theories of relief and claims set forth therein, are barred by Plaintiff's failure to have properly exhausted all available judicial remedies.

//

5

**FOURTEENTH AFFIRMATIVE DEFENSE**

29.   Plaintiff's claims and requests for relief are barred, in whole or in part, by the Prison Litigation Reform Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

30.   Defendants' actions herein were pursuant to legitimate penological interests.

**SIXTEENTH AFFIRMATIVE DEFENSE**

31.   Plaintiff has failed to exhaust all of his administrative remedies.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

32.   Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches and unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

33.   That Plaintiff's FAC fails to state a cause of action, pursuant to *Monell v. Department of Social Services of the City of New York*, 56 L.Ed.2d 611 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

**NINETEENTH AFFIRMATIVE DEFENSE**

34.   The Sheriff and his subordinates act on behalf of the state, not the County, with regard to law enforcement functions.  Consequently, any policies, practices or customs alleged in the FAC are not those of the County of Los Angeles.

**TWENTIETH AFFIRMATIVE DEFENSE**

35.   Defendants are entitled to quasi-judicial immunity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

36.   The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

//

### TWENTY-SECOND AFFIRMATIVE DEFENSE

37.    The actions of these Defendants and their employees in all respects were reasonable, proper and legal.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

38.    Plaintiff's state law claims are barred by California statutory immunities, including Cal. Government Code §§ 815, 815.6, 818, 820.2, 820.8, 820.25, 821.6, 844.6, 845.2 845.6, and 855.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

39.    In addition to the other affirmative defenses, Plaintiff's state law claim under the Bane Act, Cal. Civ. Code § 52.1, is barred for failure to meet its elements, including that Plaintiff is not a member of the specified classes under said Act and/or neither Defendants nor its employees acted with the requisite intent or conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

40.    Neither a public entity nor a public employee is liable for his/her act or omission, exercising due care, in the execution or enforcement of any law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

41.    Plaintiff's claims are barred by the Eleventh Amendment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42.    Defendants allege they are entitled to immunities provided by the Cal. Business & Professions Code §§ 2395, 2396 and 2397.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

43.    Plaintiff has failed to comply with Cal. Code of Civil Procedure § 425.13(a) with respect to his alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

44.    In the event these answering Defendants are found to be negligent,

which is expressly herein denied, the liability of these answering Defendants are limited by reason of Cal. Code of Civil Procedure § 1431.2.

## THIRTIETH AFFIRMATIVE DEFENSE

45.   In the event these answering Defendants are found to be negligent, which is expressly herein denied, these Defendants may elect to have future damages, if in excess of the amount specified in Cal. Code of Civil Procedure § 667.7, paid in whole or in part as specified in Cal. Code of Civil Procedure § 667.7.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

46.   In the event these answering Defendants are found to be negligent, which is expressly herein denied, these Defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to Plaintiff pursuant to Cal. Code of Civil Procedure § 3333.1.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

47.   In the event these answering Defendants are found to be negligent, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified Cal. Code of Civil Procedure § 3333.2.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

48.   Plaintiff's claims and requests for relief are barred, in whole or in part, because they have failed to join necessary and/or indispensable parties.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

49.   Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

50.   Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

51.   The individual Defendants are immune from suit pursuant to the

doctrine of qualified immunity since the relevant law was not clearly established and a reasonable officer in their position would not have known that his/her conduct would violate clearly established law.

Because Plaintiff's FAC is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses, is hereby reserved.

WHEREFORE, Defendants pray that Plaintiff takes nothing by way of his FAC and that Defendants herein recover their costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  June 4, 2026                          LAWRENCE BEACH ALLEN & CHOI, PC


By   /s/ Shawyane Emadi
     Paul B. Beach
     Shawyane Emadi
     Attorneys for Defendant
     County of Los Angeles, Ricardo
     Manriquez, Kevin Jacinto, Joey A.
     Pedroza IV, Xavier J. Santos

9

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Ricardo Manriquez, Kevin Jacinto, Joey A. Pedroza IV, Xavier J. Santos hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  June 4, 2026                    LAWRENCE BEACH ALLEN & CHOI, PC


By ___/s/ Shawyane Emadi_____
     Paul B. Beach
     Shawyane Emadi
     Attorneys for Defendant
     County of Los Angeles, Ricardo
     Manriquez, Kevin Jacinto, Joey A.
     Pedroza IV, Xavier J. Santos