**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Raul Zavala*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAVALA,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF LOS ANGELES; MIGUEL TORRES; RICARDO MANRIQUEZ; XAVIER J. SANTOS; JOEY A. PEDROZA IV; KEVIN JACINTO; EDWARD ZOELLNER; ALEJANDRA GONZALEZ; and DOES 8 through 10, inclusive,<br><br>            Defendants. | Case No. 2:25-cv-06316-MCS-AGR<br><br>*Hon. Mark C. Scarsi*<br><br>**STIPULATION REGARDING FRCP 35 EXAMINATION OF PLAINTIFF RAUL ZAVALA** |

IT IS HEREBY STIPULATED by and between Plaintiff Raul Zavala and Defendants County of Los Angeles, Ricardo Manriquez, Xavier J. Santos, Joey A. Pedroza IV, and Kevin Jacinto by and through their respective attorneys of record as follows:

1. THAT counsel for the parties have met and conferred concerning Defendants' intent to pursue a neuropsychological examination of Plaintiff Raul Zavala ("Plaintiff") pursuant to the Federal Rules of Civil Procedure, Rule 35;

/ / /

STIPULATION REGARDING FRCP 35 EXAMINATION OF PLAINTIFF RAUL ZAVALA

2. THAT following the meet and confer efforts by and among counsel, Plaintiff has consented, subject to the conditions detailed herein, to undergo a neuropsychological examination on June 16, 2026, at 9:00 a.m., at 107 South Fair Oaks Ave., Suite 333, Pasadena, California 91105;

3. THAT the conditions governing the aforementioned examination of Plaintiff shall be as follows:

a. Except for questions regarding the manner in which Plaintiff's injuries were sustained during the subject incident ("incident") and Plaintiff's academic, educational, and employment history prior to and following the incident, no questions will be asked regarding the facts or circumstances of the incident or the leadup thereto, or about subjects other than Plaintiff's neuropsychological condition. Questions about Plaintiff's neuropsychological condition will be focused on any symptoms Plaintiff experienced prior to the incident, any symptoms Plaintiff attributes to the incident, and Plaintiff's current symptoms. Plaintiff will not be questioned about prior criminal history or gang affiliation.

b. Plaintiff will not be required/requested to answer any written questions or sign any document other than a document confirming Plaintiff's identity, the questionnaire referenced in sub-section (c) herein, and the following tests: Advanced Clinical Solutions Test of Premorbid Function; Wechsler Adult Intelligence Scale IV (WAIS-IV)/ Wechsler Abbreviated Scale Intelligence II; Wide Range Achievement Test 5; Independent Living Scales (ILS); Controlled Oral Word Association Tests; Trail Making Tests/ Color Trails; Boston Naming Test; Validity Indicator Profile; California Verbal Learning Test III/ RAVLT; Stroop Color and Word Test; Rey Complex Figure Test/BVMT-R; Wechsler Memory Scale

2

STIPULATION REGARDING FRCP 35 EXAMINATION OF PLAINTIFF RAUL ZAVALA

IV/WRAML; Minnesota Multiphasic Personality Inventory 3; Trauma Symptom Inventory-2; Neurobehavioral Symptom Inventory; Beck Depression Inventory-2 or PHQ9; Beck Anxiety Inventory or GAD7; Headache Impact Test-6; Epworth Sleepiness Scale; Posttraumatic Stress Disorder Checklist for DSM 5 (PCL-5); Grooved Pegboard Test; Dot Counting Test; Rey 15/Recognition; TOMM;  Word Memory Test; and Modified/Wisconsin Card Sorting Test.

c. The entire examination shall not exceed 7 hours, inclusive of Plaintiff's completion of a standard questionnaire administered by the examiner, to the extent that Plaintiff is able to complete the questionnaire. Page 2 of the questionnaire (titled "HISTORY OF INJURY"), as well as question 96 (on page 15) will not be completed, and those sections are to be deleted or crossed out before the questionnaire is provided to Plaintiff.

d. Plaintiff may have an observer present (attorney or agent) during the clinical interview portion of the examination, in person, by phone, or via videoconference. Observer, if an attorney, may make appropriate objections related to the other limitations of the examination but will not interfere with the examination and will otherwise remain silent during the examination. Counsel for Plaintiff shall communicate whether an observer will be present (whether in-person or remotely, and identity of the same) at least 72 hours prior to the examination. Should Plaintiff's observer intend to attend remotely, Plaintiff will be responsible for facilitating said remote appearance and any connection-related or similar issues will not affect the examination in any way. The failure of any observer to appear at the designated location and time of the examination (whether in-person or remotely)

3

STIPULATION REGARDING FRCP 35 EXAMINATION OF PLAINTIFF RAUL ZAVALA

will not delay or preclude the examination.

e. The clinical interview portion of the examination will be audio-recorded, with a copy of the recording to be provided to Plaintiff's counsel within 21 days of the examination. The testing portion of examination will also be audio-recorded, with a copy of the recording to be provided to a qualified expert retained by Plaintiff within 21 days of the examination. Plaintiff will be responsible for his own audio-recording. Defendant will be entitled to create their own audio-recording of the examination. The examiner will not prevent or interfere with Plaintiff audio-recording the testing portion of the examination, when no observer will be present. Additionally, any audio recordings of the examination created by Defendant (whether of the clinical interview portion, testing portion, or both) will be provided to Plaintiff's counsel and/or retained expert within 21 days of the examination (depending on the portion of the examination as indicated above), regardless of whether any audio recordings are created by Plaintiff.

f. All information provided by Plaintiff during the examination is deemed confidential protected material subject to the operative protective order in this case.

g. Defendants will provide a copy of the examiner's written notes and report to Plaintiff's counsel within 30 days of the examination, exclusive of any privileged materials, privileged communications, and privileged information. If any written notes or report, or any portion thereof, is withheld on the basis of a privilege, Defendants will provide a privilege log.

h. Defendants will provide the results from all tests conducted during the examination within 30 days of the examination.

4

STIPULATION REGARDING FRCP 35 EXAMINATION OF PLAINTIFF RAUL ZAVALA

i.  Defendants will provide the raw testing data from all tests conducted during the examination to a qualified expert retained by Plaintiff within 30 days of the examination.

**IT IS SO STIPULATED**.

Dated: June 12, 2026                    LAW OFFICES OF DALE K. GALIPO

By ___/s/ Benjamin S. Levine_____
    DALE K. GALIPO
    BENJAMIN S. LEVINE[1]
    *Attorneys for Plaintiff*

Dated: June 12, 2026                    LAWRENCE BEACH ALLEN & CHOI, PC

By ___/s/ Shawyane Emadi_____
    Paul B. Beach
    Shawyane Emadi
    Attorneys for Defendant
    County of Los Angeles, Ricardo
    Manriquez, Kevin Jacinto, Joey A.
    Pedroza IV, Xavier J. Santos

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

STIPULATION REGARDING FRCP 35 EXAMINATION OF PLAINTIFF RAUL ZAVALA