**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Raul Zavala*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAVALA, | Case No. 2:25-cv-06316-MCS-AGR |
| Plaintiff, | *Hon. Mark C. Scarsi* |
| v. | **STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS** |
| COUNTY OF LOS ANGELES; MIGUEL TORRES; RICARDO MANRIQUEZ; XAVIER J. SANTOS; JOEY A. PEDROZA IV; KEVIN JACINTO; EDWARD ZOELLNER; ALEJANDRA GONZALEZ; and DOES 8 through 10, inclusive, | *(Declaration of Benjamin S. Levine and [Proposed] Order filed concurrently herewith)* |
| Defendants. | |

**TO THE HONORABLE COURT:**

IT IS HEREBY STIPULATED by and between Plaintiff Raul Zavala and Defendants County of Los Angeles, Ricardo Manriquez, Xavier J. Santos, Joey A. Pedroza IV, and Kevin Jacinto (collectively, "Defendants")—the parties who have appeared in this action—for the purpose of jointly requesting that the honorable Court enter an order, pursuant to Fed. R. Civ. P. 16(b)(4) and any applicable Orders of the Court, continuing the discovery deadlines and motion hearing cutoff in this action by approximately 45 days, as follows:[1]

---

[1] Paragraphs 1 through 3(g) of this stipulation were previously presented to the Court

1. On July 10, 2025, Plaintiff filed his Complaint. [Dkt. 1.] As indicated in the Complaint, which principally alleges that individual employees of the County of Los Angeles (whose identities were then unknown to Plaintiff) unlawfully failed to protect him from an assault he experienced at the hands of other inmates while he was in the County's custody. [*See id.*] Accordingly, this case involves complex liability issues under federal and state law, necessitating significant discovery prior to Plaintiff's amendment of the complaint to name individual defendants, as well as additional discovery thereafter.

2. On December 2, 2025, the Court issued its Order re: Jury Trial setting the trial date for January 26, 2027. The Order also set deadlines for discovery and other pretrial dates and deadlines, including a July 6, 2026, deadline to complete fact discovery; a July 27, 2026, deadline to serve initial expert disclosures; an August 17, 2026, deadline to serve rebuttal expert disclosures; a September 8, 2026, deadline to complete expert discovery; and an October 19, 2026, deadline to hear motions. [Dkt. 18.]

3. For the significant majority of the period since discovery opened in this action, the parties have been diligently pursuing discovery, including through exchanging written discovery requests, resolving several discovery disputes informally and through good-faith cooperation between counsel:

   a. On January 21, 2026, Plaintiff served Defendant County of Los Angeles ("County") with his first set of discovery requests (Requests for Production ("RFPs") and Interrogatories ("ROGs")). Declaration of Shawyane Emadi ("Emadi Decl.") ¶ 2 [Dkt. 24-1].

   b. On January 26, 2026, County served Plaintiff with its first of discovery requests (RFPs, Requests for Admissions ("RFAs"), and

in a prior stipulation, which sought a longer continuance of scheduling order deadlines and included a request to continue the trial date. [*See* Dkt. 24.]

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING
DEADLINE ONLY BY 45 DAYS

ROGs). *Id.* ¶ 3.

c. On February 25, 2026, Plaintiff served his responses to County's first set of discovery requests. Certain of Plaintiff's responses to County's RFPs stated that certain responsive documents, including pertinent medical records relevant to County's assessment of Plaintiff's injuries and necessary to inform further discovery by County, would only be produced pursuant to a protective order following the Court's issuance of such order, given the privacy concerns implicated by the records. *Id.* ¶ 3.

d. On March 4, 2026, following discussions and cooperation between the parties regarding specific language, the parties filed a stipulation for the Court's entry of a protective order governing certain documents to be produced in discovery in this action. [Dkt. 22.]

e. On March 13, 2026, County served its responses to Plaintiff's first set of discovery requests, following a three-week extension granted by Plaintiff at County's request. Because the protective order had not yet been entered, certain documents that Defendant contended were privileged or otherwise protected were withheld at this time pending the Court's entry of said protective order. Emadi Decl. ¶ 2.

f. On March 31, 2026, and April 6, 2026, respectively, County advised Plaintiff of County's intention to depose Plaintiff and to have a neuropsychological examination of Plaintiff conducted pursuant to Federal Rule of Civil Procedure 35. *Id.* ¶ 7. The parties worked cooperatively to schedule the deposition and examination, including by meeting and conferring regarding the scope of and limitations on the examination, in part to avoid the Court having to expend its resources adjudicating a motion to compel such examination. *See id.*

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS

g. On April 6, 2026, the Court entered the parties' Stipulated Protective Order. [Dkt. 23.]

h. On April 17, 2026, following good-faith meet and confer efforts that spanned the preceding weeks, the parties each served supplemental ROG responses as well as supplemental document production, pursuant to agreements reached through their meet-and-confer efforts, including to produce the parties' previously withheld documents pursuant to the Protective Order that had since been entered issued by the Court. Emadi Decl. ¶ 4. County's supplemental document production included records necessary for Plaintiff to identify names and capacities of the individual correctional deputies for County who are alleged to be liable for Plaintiff's claims, including deputies not identified in County's initial disclosures. Declaration of Benjamin S. Levine ("Levine Decl.") ¶ 2.

i. On April 23, 2026, County served Plaintiff with its second set of discovery requests (RFPs and ROGs). Emadi Decl. ¶ 5. On May 22, 2026, Plaintiff served his responses thereto. Levine Decl. ¶ 3.

4. On May 4, 2026, following Plaintiff's review of the supplemental discovery, preparation of a proposed amended complaint, and securing of County's assent, Plaintiff and County filed a stipulation to allow Plaintiff to file a First Amended Complaint naming seven individual correctional deputies for County whom Plaintiff alleges are liable for Plaintiff's claims. [Dkt. 25.] Also on May 4, 2026, Plaintiff and County filed a stipulation requesting that the Court continue all pretrial dates and deadlines, and the trial date, by approximately 90 days each. [Dkt. 24.] That stipulation explained that the bases for the requested continuances included to allow time for Plaintiff to file his anticipated First Amended Complaint if allowed by the Court, serve it on the seven newly added individual defendants, and

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS

arrange and conduct the depositions of those defendants; to allow the parties to arrange and schedule Plaintiff's neuropsychological examination upon Plaintiff's and County's agreement, and for the examination to be conducted; and conduct a mediation in a good-faith effort to resolve this action before significant expenses, including for expert witnesses, are incurred on both sides, and before applicable deadlines for dispositive motions. [*See id.*]

5. On May 5, 2026, the Court granted the stipulation for leave for Plaintiff to file a First Amended Complaint, and denied the stipulation to continue the pretrial dates and deadlines and trial date. [Dkt. 26.] With respect to the latter stipulation, the Court determined that Plaintiff and County had not been "diligent in fulfilling their discovery obligations and ascertaining the identities of the prospective individual defendants early in the litigation." [*Id.*] However, the Court noted that it "might entertain a renewed stipulation joined by the new parties to extend the discovery period" following Plaintiff's amendment of the Complaint, but "warn[ed] that the trial date of January 26, 2027, remains 'firm.'" [*Id.* (quoting Initial Standing Order § 4 [Dkt. 9]).]

6. On May 6, 2026, Plaintiff filed his First Amended Complaint. [Dkt. 27.] Following cooperation between counsel, counsel for County obtained authorization to accept service of a Notice of Acknowledgement of Receipt of Summons and Complaint, complaint, and summons packet for newly added Defendant Edward Zoellner, which Plaintiff served on May 13, 2026. [Dkt. 35.] At that time, however, counsel for County was not authorized to accept service for the other six newly added defendants. Levine Decl. ¶ 4. Although Plaintiff was able to serve Defendants Xavier J. Santos, Ricardo Manriquez, Kevin Jacinto, and Joey A. Pedroxa IV via process server on May 14, 2026 [*see* Dkt. 30-33], Plaintiff has thus far been

unable to personally serve Defendants Miguel Torres and Alejandra Gonzalez. Levine Decl. ¶ 5.

    a. As to Defendant Miguel Torres, Plaintiff's process server unsuccessfully attempted service on May 14, 2026. Following further inquiry, on May 20, 2026, an official from the Los Angeles County Sheriff's Department ("Department") advised that Miguel Torres was no longer employed by the Department as of July 28, 2020. On May 21, 2026, another Department official advised that Department records indicated no Miguel Torres had worked for the Department since July of 2020. The same day, Plaintiff's counsel raised this issue with County's counsel, who agreed to work with County to determine how Miguel Torres could be served. On June 16, 2026, County's counsel advised that counsel had been authorized to accept service of a Notice of Acknowledgement of Receipt of Summons and Complaint for Miguel Torres. Accordingly, on June 17, 2026, Plaintiff served County's counsel with a Notice of Acknowledgement of Receipt of Summons and Complaint, a complaint, and summons packet for Miguel Torres. *Id.* ¶ 5(a).

    b. As to Defendant Alejandra Gonzalez, Plaintiff's process server unsuccessfully attempted service on May 14, 2026, and was told by Department officials that Gonzalez did not work at that branch location and that Department officials could not locate a current branch location for Gonzalez. Plaintiff's counsel's office then contacted an official for the Department Assignment Directory seeking current station information for Gonzalez and, on June 12, 2026, a new branch address was provided. Plaintiff's process server unsuccessfully attempted service at the new address on June 15 and 16, 2026, but was told by a Department official that Gonzalez could

6

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS

not be located. Although on June 17, 2026, Plaintiff's counsel's office again contacted the official for the Department Assignment Directory seeking correct station information for Gonzalez, no update has been received as of the date of this filing, and Plaintiff's counsel is now again attempting to determine whether County's counsel can obtain authorization to accept the summons and First Amended Complaint on Gonzalez's behalf. *Id.* ¶ 5(b).

   c. On May 27, 2026, Defendant County answered the First Amended Complaint. [Dkt. 34.]

   d. On June 4, 2026, Defendants Xavier J. Santos, Ricardo Manriquez, Kevin Jacinto, and Joey A. Pedroxa IV answered the First Amended Complaint. [Dkt. 36.]

7. Since the Court's May 5, 2026, denial of the parties' prior stipulation to continue pretrial dates and deadlines and the trial by 90 days, the parties have also continued to diligently pursue necessary discovery.

   a. Pursuant to the parties' agreement and stipulation regarding County's FRCP 35 neuropsychological examination of Plaintiff [*see* Dkt. 39], Plaintiff and his designated observer traveled to the examiner's office in Pasadena on the morning of June 16, 2026. Shortly before the scheduled time, however, counsel learned that the examiner had been involved in a car accident while en route to the examination and that the examination would need to be rescheduled. Counsel for the parties have since worked cooperatively to reschedule the examination for June 25, 2026. Levine Decl. ¶ 6.

   b. In early June 2026, Counsel for Defendants requested that Plaintiff submit to a neurological examination pursuant to FRCP 35. Counsel for the parties have since met and conferred about this examination and anticipate stipulating thereto. Subject to finalizing the conditions

concerning said examination, the parties have agreed to conducting said examination on July 21, 2026 (the earliest available date for Defendants' expert neurologist). *Id.* ¶ 7.

c. On June 17, 2026, Defendants took Plaintiff's deposition. *Id.* ¶ 8.

d. On June 18, 2026, Plaintiff took the depositions of Defendants Ricardo Manriquez and Kevin Jacinto. *Id.* ¶ 9.

e. Plaintiff is currently scheduled to take the depositions of Defendants Xavier J. Santos and Joey A. Pedroza IV on July 1, 2026. *Id.* ¶ 10.

f. In June 2026, following counsel's acceptance of a Notice of Acknowledgement of Receipt of Summons and Complaint, a complaint, and a summons packet for Defendant Edward Zoellner, and subsequently for Defendant Miguel Torres, counsel for the parties have been cooperating to attempt to pre-arrange the depositions of these individual Defendants within the current fact discovery period, which ends July 6, 2026. Accordingly, Defendants' counsel has agreed to produce Defendants Torres and Zoellner for deposition on June 29, 2026, despite said Defendants' lack of an appearance in this action. *Id.* ¶ 11.

g. On June 18, 2026, following a request by Defendants' counsel, Plaintiff's counsel agreed to provide an updated computation of damages pursuant to FRCP 26(a)(1)(A)(iii). *Id.* ¶ 12.

h. On June 18, 2026, Plaintiff's counsel advised Defendants' counsel of the issues in serving Defendant Alejandra Gonzalez, and advised that Plaintiff would seek to depose Gonzalez at the earliest opportunity upon service of Gonzalez. *Id.* ¶ 13.

8. Although the parties have been working diligently on all of the issues noted above and have endeavored to do so within the limits set by the current scheduling order, the parties will need additional time to complete the

8

limited fact discovery items that remain outstanding and cannot be completed by the current cutoff of July 6, 2026. **More specifically, Defendants Gonzalez, Zoellner, and Torres will not appear in time to participate in fact discovery.** However, all can very likely be completed within 45 days thereafter.

9. Without the aforementioned outstanding discovery, the parties' experts will be unable to be able to complete their review of this case in time for the current initial expert disclosure deadline of July 27, 2026. Accordingly, the parties respectfully submit that an additional 45 days is necessary for experts to conduct a complete review of the case and prepare reports as required by FRCP 26(a)(2). Because the rebuttal expert disclosures and expert depositions are dependent on initial expert disclosures, and the parties' ability to file dispositive motions may depend on expert discovery, the parties respectfully submit that a 45-day continuance of the associated deadlines is necessary if the requested 45-day continuance of the fact discovery cutoff and initial expert disclosure deadline is granted.

10. The parties will be prejudiced in the absence of a continuance of the discovery deadlines and dispositive motion hearing cutoff because the parties will otherwise be unable to conduct the remaining necessary discovery, file law and motion concerning said discovery (if necessary), prepare and file dispositive motion(s), or be able to meaningfully evaluate the instant matter for purposes of mediation, notwithstanding the parties' earnest efforts thus far to comply with the current scheduling order deadlines.

11. **Significantly, without a brief continuance of the fact discovery cut-off, Defendants Zoellner, Gonzalez, and Torres will be significantly prejudiced upon their appearance in the instant matter as they will be unable to propound any written discovery upon Plaintiff.**

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS

12. In addition to the aforementioned outstanding discovery that is necessary for both sides' development and presentation of this case, a continuance will also allow the parties to complete necessary discovery prior to an anticipated mediation before the assigned mediator, Richard Copeland. A mediation with Mr. Copeland is currently set for August 19, 2026, which is the earliest date when Mr. Copeland, the parties, and their counsel were all available at the time the mediation was scheduled. Although the parties have discussed attempting to secure an earlier mediation date, Defendants will require both FRCP 35 examinations prior to mediation. Accordingly, although the anticipated mediation is not the sole basis for the 45-day continuance requested herein, the parties note that this continuance would allow the parties to attempt to resolve this action before each expending significant additional resources on experts.

13. Through this stipulation, the parties are not requesting a continuance of the deadline to complete mediation, deadlines to file pretrial documents, Final Pretrial Conference and hearing on motions *in limine*, or the trial date.

14. This is the parties' second request for a continuance of scheduling order dates and deadlines in this action. The Court has not previously granted any continuance of scheduling order dates. A continuance will preserve valuable judicial resources and serve the interests of justice by allowing the parties to conduct necessary fact and expert discovery, attempt to resolve the matter informally, and avoid the necessity of law and motion which can be avoided by a brief continuance of certain dates and deadlines.

15. Accordingly, the parties hereby stipulate and respectfully request that the dates and deadlines concerning discovery and the hearing of dispositive motions only, adopted by the Court's December 2, 2025, Order re: Jury Trial [Dkt. 18], be continued by approximately 45 days, as follows:

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS

| DEADLINE/EVENT | CURRENT DATE | REQUESTED DATE |
|---|---|---|
| Non-Expert Discovery Cut-Off | 07/06/2026 | 08/20/2026 |
| Expert Disclosure (Initial) | 07/27/2026 | 09/10/2026 |
| Expert Disclosure (Rebuttal) | 08/17/2026 | 10/01/2026 |
| Expert Discovery Cutoff | 09/08/2026 | 10/23/2026 |
| Last Date to Hear Motions | 10/19/2026 | 12/07/2026 |
| Deadline to Complete Settlement Conference | 11/02/2026 | NO CHANGE REQUESTED |
| Trial Filings (first round) | 12/21/2026 | NO CHANGE REQUESTED |
| Trial Filings (second round) | 12/28/2026 | NO CHANGE REQUESTED |
| Final Pretrial Conference, Hearing on Motions in Limine | 01/11/2027 at 2:00 p.m. | NO CHANGE REQUESTED |
| Trial | 01/26/2027 at 8:30 a.m. | NO CHANGE REQUESTED |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS

Respectfully submitted,

Dated: June 22, 2026          LAW OFFICES OF DALE K. GALIPO

                              By ___/s/ Benjamin S. Levine_____
                                  DALE K. GALIPO
                                  BENJAMIN S. LEVINE[2]
                                  *Attorneys for Plaintiff*


Dated: June 22, 2026          LAWRENCE BEACH ALLEN & CHOI, PC


                              By ___/s/ Shawyane Emadi_____
                                  Paul B. Beach
                                  Shawyane Emadi
                                  Attorneys for Defendant
                                  County of Los Angeles, Ricardo
                                  Manriquez, Kevin Jacinto, Joey A.
                                  Pedroza IV, Xavier J. Santos

---

[2] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING
DEADLINE ONLY BY 45 DAYS