**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Raul Zavala*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAVALA,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; MIGUEL TORRES; RICARDO MANRIQUEZ; XAVIER J. SANTOS; JOEY A. PEDROZA IV; KEVIN JACINTO; EDWARD ZOELLNER; ALEJANDRA GONZALEZ; and DOES 8 through 10, inclusive,<br><br>        Defendants. | Case No. 2:25-cv-06316-MCS-AGR<br><br>*Hon. Mark C. Scarsi*<br><br>**DECLARATION OF BENJAMIN S. LEVINE IN SUPPORT OF STIPULATION TO CONTINUE DISCOVERY DEADLINES AND DISPOSITIVE MOTION HEARING DEADLINE ONLY BY 45 DAYS** |

## <u>DECLARATION OF BENJAMIN S. LEVINE</u>

I, Benjamin S. Levine, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of the parties' Stipulation to Continue Discovery Deadlines and Dispositive Motion Hearing Deadline Only by 45 Days. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

1

DECLARATION OF BENJAMIN S. LEVINE

2.     County's supplemental document production, served on April 17, 2026, included records necessary for Plaintiff to identify names and capacities of the individual correctional deputies for County who are alleged to be liable for Plaintiff's claims, including deputies not identified in County's initial disclosures.

3.     On May 22, 2026, Plaintiff served his responses to County's second set of discovery requests, served on April 23, 2026.

4.     Following Plaintiff's filing of his First Amended Complaint on May 6, 2026, I was informed by counsel for County that counsel was authorized to accept service of a Notice of Acknowledgement of Receipt of Summons and Complaint, complaint, and summons packet for Defendant Edward Zoellner, but was not informed that counsel was authorized to accept service for the other six individual defendants.

5.     As of the date of the filing of this Declaration, Plaintiff has thus far been unable to personally serve Defendants Miguel Torres and Alejandra Gonzalez.

    a. A process server hired by my office advised my office that the process server unsuccessfully attempted service of Defendant Miguel Torres on May 14, 2026. Following further inquiry, on May 20, 2026, an official from the Los Angeles County Sheriff's Department ("Department") advised the process service via email, which was forwarded to me, that Miguel Torres was no longer employed by the Department as of July 28, 2020. On May 21, 2026, another Department official advised via email that Department records indicated no Miguel Torres had worked for the Department since July of 2020. The same day, I raised this issue with County's counsel, who agreed to work with County to determine how Miguel Torres could be served. On June 16, 2026, County's counsel advised that counsel had been authorized to accept service of a Notice of Acknowledgement of Receipt of

DECLARATION OF BENJAMIN S. LEVINE

Summons and Complaint for Miguel Torres. On June 17, 2026, Plaintiff, through my office, served County's counsel with a Notice of Acknowledgement of Receipt of Summons and Complaint, a complaint, and summons packet for Miguel Torres.

b. A process server hired by my office advised my office that the process server unsuccessfully attempted service of Defendant Alejandra Gonzalez on May 14, 2026, and was told by Department officials that Gonzalez did not work at that branch location and that Department officials could not locate a current branch location for Gonzalez. My office then contacted an official for the Department Assignment Directory seeking current station information for Gonzalez and, on June 12, 2026, a new branch address was provided. A process server hired by my office unsuccessfully attempted service at the new address on June 15 and 16, 2026, but was told by a Department official that Gonzalez could not be located. Although on June 17, 2026, my office again contacted the official for the Department Assignment Directory seeking correct station information for Gonzalez, no update has been received as of the date of this filing, and I am now again attempting to determine whether County's counsel can obtain authorization to accept the summons and First Amended Complaint on Gonzalez's behalf.

6.    Plaintiff and his designated observer, myself, traveled to the designated FRCP 35 neuropsychological examiner's office in Pasadena on the morning of June 16, 2026. Shortly before the scheduled examination time, however, I received a phone call from County's counsel advising that the examiner had been involved in a car accident while en route to the examination and that the examination would need to be rescheduled. Defendants' counsel and I have since worked cooperatively to reschedule the examination for June 25, 2026.

3

DECLARATION OF BENJAMIN S. LEVINE

7.     In early June 2026, Counsel for Defendants requested that Plaintiff submit to a neurological examination pursuant to FRCP 35. Defendants' counsel and I have since met and conferred about this examination, and the parties anticipate stipulating thereto. Subject to finalizing the conditions concerning said examination, the parties have agreed to conducting said examination on July 21, 2026 (which Defendants' counsel advised is the earliest available date for Defendants' expert neurologist).

8.     On June 17, 2026, Defendants took Plaintiff's deposition.

9.     On June 18, 2026, Plaintiff took the depositions of Defendants Ricardo Manriquez and Kevin Jacinto.

10.    Plaintiff is currently scheduled to take the depositions of Defendants Xavier J. Santos and Joey A. Pedroza IV on July 1, 2026.

11.    In June 2026, following County's counsel's acceptance of a Notice of Acknowledgement of Receipt of Summons and Complaint for Defendant Edward Zoellner, and subsequently for Defendant Miguel Torres, Defendants' counsel and I have been cooperating to attempt to pre-arrange the depositions of these individual Defendants within the current fact discovery period, which ends July 6, 2026. Recently, Defendants' counsel has agreed to produce Defendants Torres and Zoellner for deposition on June 29, 2026, despite said Defendants' lack of an appearance in this action.

12.    On June 18, 2026, following a request by Defendants' counsel, I agreed to provide an updated computation of damages on behalf of Plaintiff pursuant to FRCP 26(a)(1)(A)(iii).

/ / /

/ / /

DECLARATION OF BENJAMIN S. LEVINE

13.     On June 18, 2026, I advised Defendants' counsel of the issues in serving Defendant Alejandra Gonzalez, and advised that Plaintiff would seek to depose Gonzalez at the earliest opportunity upon service of Gonzalez.

I declare under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct. Executed on June 22, 2026, at Woodland Hills, California.

 /s/ Benjamin S. Levine

Benjamin S. Levine

---

5

DECLARATION OF BENJAMIN S. LEVINE