PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
SHAWYANE EMADI, State Bar No. 352292
semadi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
County of Los Angeles, Ricardo Manriquez, Kevin
Jacinto, Joey A. Pedroza IV, Xavier J. Santos, Edward Zoellner, Alejandra
Gonzalez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAVALA,<br><br>              Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>              Defendants. | Case No. 2:25-cv-06316-MCS-CTSx<br><br>Honorable Mark C. Scarsi<br><br>**DEFENDANT ALEJANDRA GONZALEZ'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>FAC filed: May 5, 2026 |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant Alejandra Gonzalez ("Defendant"), in answer to Plaintiff's First Amended Complaint ("FAC") on file herein (ECF 27), for themselves and for no other defendant, admits, denies and alleges as follows:

1.     Answering Paragraphs 1, 26, 30-32, 34, 36-39, 45-55, 57-59, 63-74, 77-84, 87-92, 97-101, 104-108, 111-118, and the Prayer of the FAC, Defendant denies generally and specifically the allegations stated therein.

1

2. Answering Paragraphs 2, 44, 62, 103, and 110 of the FAC, Defendant admits that on the basis of Plaintiff's allegations, some of Plaintiff's claims arise under 42 U.S.C. § 1983, and possibly supplemental jurisdiction as to Plaintiff's state law claims, and that there are various rights under the cited legal provisions.  As to the remaining allegations of said Paragraphs, Defendant denies generally and specifically the allegations stated therein.

3. Answering Paragraph 3 of the FAC, Defendant admits that, under the facts alleged, venue is proper with respect to events that occurred within the Central District of California.

4. Answering Paragraphs 4, 14, 15, 16, 17, 20-21, and 40-42 of the FAC, Defendant lacks sufficient information or belief to be able to respond to said allegations, and on that basis, denies them.

5. Answering Paragraph 5 of the FAC, Defendant admits that the County of Los Angeles is a public entity organized and existing under the laws of the State of California, and that the Sheriff's Department is a department of the County.  As to the remaining allegations of said Paragraphs, Defendant lacks sufficient information or belief to be able to respond to said allegations, and on that basis, denies them.

6. Answering Paragraphs 6-12, Defendant admits that Defendants Torres, Manriquez, Santos, Pedroza, Jacinto, Zoellner, and Gonzalez were employed by the Los Angeles County Sheriff's Department at the time of the alleged incident.  As to the remaining allegations of said Paragraphs, Defendant lacks sufficient information or belief to be able to respond to said allegations, and on that basis, denies them.

7. Answering Paragraphs 13, 18, 22-25, 27-29, 33, 35, 56, 60, 75, 85, 93, and 95-96 of the FAC, Defendant lacks sufficient information upon which to admit or deny them, and therefore, generally and specifically denies said allegations on that basis, and specifically denies that Defendant violated

2

Plaintiff's rights in any respect.

8.     Answering Paragraph 19 of the FAC, Defendant incorporates by this reference their response to paragraphs 1 through 18 as if fully stated in this response.

9.     Answering Paragraph 43 of the FAC, Defendant incorporates by this reference their responses to paragraphs 1 through 42 as if fully stated in this response.

10.     Answering Paragraph 61 of the FAC, Defendant incorporates by this reference their responses to paragraphs 1 through 60 as if fully stated in this response.

11.     Answering Paragraph 76 of the FAC, Defendant incorporates by this reference their responses to paragraphs 1 through 75 as if fully stated in this response.

12.     Answering Paragraph 86 of the FAC, Defendant incorporates by this reference their responses to paragraphs 1 through 85 as if fully stated in this response.

13.     Answering Paragraph 94 of the FAC, Defendant incorporates by this reference their responses to paragraphs 1 through 93 as if fully stated in this response.

14.     Answering Paragraph 102 of the FAC, Defendant incorporates by this reference their responses to paragraphs 1 through 101 as if fully stated in this response.

15.     Answering Paragraph 109 of the FAC, Defendant incorporates by this reference their responses to paragraphs 1 through 108 as if fully stated in this response.

//

//

//

3

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. Plaintiff's FAC fails to state a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

17. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

### THIRD AFFIRMATIVE DEFENSE

18. Neither a public entity nor a public employee is liable for any injury resulting from his/her act or omission where the act or omission was the result of the exercise of the discretion vested in him/her.

### FOURTH AFFIRMATIVE DEFENSE

19. Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury caused by a public employee's misrepresentation, whether the misrepresentation be negligent or intentional.

### FIFTH AFFIRMATIVE DEFENSE

20. The intervening and superseding acts or omissions of persons or entities other than this Defendant, and for whose acts or omissions this Defendant is not responsible, proximately caused Plaintiff's alleged injuries and/or damages. Defendant requests that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of this Defendant, judgment against this Defendant be only in an amount which is proportionate to the extent and percentage by which this answering Defendant's acts or omissions contributed to Plaintiff's injuries or damages, if at all

### SIXTH AFFIRMATIVE DEFENSE

21. Any injury to Plaintiff was due to and caused by the negligence and omissions of Plaintiff to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.

4

## SEVENTH AFFIRMATIVE DEFENSE

22.    Plaintiff has failed to mitigate his damages, thereby limiting or excluding recovery against this Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

23.    Plaintiff's claims against this Defendant are barred by the applicable statutes of limitations including, but not limited to, the California Government Claims Act, California Code of Civil Procedure §§ 335.1, 339, 340, 340.5, and 342.

## NINTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred by the doctrine of qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims and requests for relief are barred, in whole or in part, because they lack standing.

## ELEVENTH AFFIRMATIVE DEFENSE

26.    That pursuant to California Government Code § 818 and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), a public entity is not liable for exemplary or punitive damages in any sum, or at all.

## TWELFTH AFFIRMATIVE DEFENSE

27.    The FAC and individual theories of relief set forth therein are barred by Plaintiff's failure to have complied with claim filing provisions of the California Government Claims Act and other applicable state law.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.    The FAC, the individual theories of relief and claims set forth therein, are barred by Plaintiff's failure to have properly exhausted all available judicial remedies.

//
//

**FOURTEENTH AFFIRMATIVE DEFENSE**

29.    Plaintiff's claims and requests for relief are barred, in whole or in part, by the Prison Litigation Reform Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

30.    Defendant's actions herein were pursuant to legitimate penological interests.

**SIXTEENTH AFFIRMATIVE DEFENSE**

31.    Plaintiff has failed to exhaust all of his administrative remedies.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

32.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches and unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

33.    That Plaintiff's FAC fails to state a cause of action, pursuant to *Monell v. Department of Social Services of the City of New York*, 56 L.Ed.2d 611 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

**NINETEENTH AFFIRMATIVE DEFENSE**

34.    The Sheriff and his subordinates act on behalf of the state, not the County, with regard to law enforcement functions.  Consequently, any policies, practices or customs alleged in the FAC are not those of the County of Los Angeles.

**TWENTIETH AFFIRMATIVE DEFENSE**

35.    Defendant is entitled to quasi-judicial immunity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

36.    The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

//

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

37.    The actions of this Defendant and her employees in all respects were reasonable, proper and legal.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

38.    Plaintiff's state law claims are barred by California statutory immunities, including Cal. Government Code §§ 815, 815.6, 818, 820.2, 820.8, 820.25, 821.6, 844.6, 845.2, 845.6, and 855.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

39.    In addition to the other affirmative defenses, Plaintiff's state law claim under the Bane Act, Cal. Civ. Code § 52.1, is barred for failure to meet its elements, including that Plaintiff is not a member of the specified classes under said Act and/or neither Defendant nor its employees acted with the requisite intent or conduct.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

40.    Neither a public entity nor a public employee is liable for his/her act or omission, exercising due care, in the execution or enforcement of any law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

41.    Plaintiff's claims are barred by the Eleventh Amendment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42.    Defendant alleges they are entitled to immunities provided by the Cal. Business & Professions Code §§ 2395, 2396 and 2397.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

43.    Plaintiff has failed to comply with Cal. Code of Civil Procedure § 425.13(a) with respect to his alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

//

//

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

44.    In the event this answering Defendant is found to be negligent, which is expressly herein denied, the liability of this answering Defendant is limited by reason of Cal. Code of Civil Procedure § 1431.2.

## THIRTIETH AFFIRMATIVE DEFENSE

45.    In the event this answering Defendant is found to be negligent, which is expressly herein denied, this Defendant may elect to have future damages, if in excess of the amount specified in Cal. Code of Civil Procedure § 667.7, paid in whole or in part as specified in Cal. Code of Civil Procedure § 667.7.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

46.    In the event this answering Defendant is found to be negligent, which is expressly herein denied, this Defendant may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to Plaintiff pursuant to Cal. Code of Civil Procedure § 3333.1.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

47.    In the event this answering Defendant is found to be negligent, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified Cal. Code of Civil Procedure § 3333.2.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

48.    Plaintiff's claims and requests for relief are barred, in whole or in part, because they have failed to join necessary and/or indispensable parties.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

8

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

51.     The individual Defendant is immune from suit pursuant to the doctrine of qualified immunity since the relevant law was not clearly established and a reasonable officer in their position would not have known that his/her conduct would violate clearly established law.

Because Plaintiff's FAC is couched in conclusory terms, Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses, is hereby reserved.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of his FAC and that Defendant herein recovers her costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  July 29, 2026                    LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/ Shawyane Emadi
         Paul B. Beach
         Shawyane Emadi
         Attorneys for Defendants
         County of Los Angeles, Ricardo
         Manriquez, Kevin Jacinto, Joey A.
         Pedroza IV, Xavier J. Santos,
         Edward Zoellner, Alejandra
         Gonzalez

# **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Alejandra Gonzalez hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  July 29, 2026                    LAWRENCE BEACH ALLEN & CHOI, PC


By   /s/ Shawyane Emadi
        Paul B. Beach
        Shawyane Emadi
        Attorneys for Defendants
        County of Los Angeles, Ricardo
        Manriquez, Kevin Jacinto, Joey A.
        Pedroza IV, Xavier J. Santos,
        Edward Zoellner, Alejandra
        Gonzalez